UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRYAN DANIEL WATSON,

        Defendant,
_____/

Case No. 10-20083

HON: AVERN COHN

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

### I. Introduction

This is a criminal case. Defendant Bryan Watson (Watson) is charged with:

(1) Receipt of Child Pornography under 18 U.S.C. § 2252A(a)(2),

(2) Transportation of Child Pornography under 18 U.S.C. § 2252A(a)(1), and

(3) Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B).

Now before the Court is Watson's motion to suppress evidence obtained during the execution of the search warrant at 13765 26 Mile Road, Washington Township, Michigan 48094 (13765 26 Mile Road). He asserts that the warrant was obtained in violation of his Fourth Amendment rights due to a lack of probable cause. Specifically, he asserts that there was no proof that the Internet Protocol address (IP address) associated with Watson's home had been used to send or receive child pornography and that any evidence related to that IP address was stale when the warrant was obtained. For the reasons that follow, the motion will be denied.

### II. Background

On October 22, 2008, the Macomb County Sheriff Department obtained a search warrant for 13765 26 Mile Road based on allegations that there was probable cause to believe that electronic images containing child pornography were stored at the residence. A magistrate judge signed the search warrant on the basis of a single affidavit sworn by Deputy Sheriff Linda Findlay of the Macomb County Sheriff's Department.

The affidavit states:

On January 23, 2006 the FBI executed a search warrant on the residence of Darius Hill in Perkasie, Pennsylvania. An examination of Hill's computer recovered a Google Hello chat between Hill and a subject named Tantrictara on January 22, 2008. During the chat Hill and Tantrictara described their respective interests in "teen pornography" and sent each other photographs, including several images of child pornography. Specifically, Hill sent 258 pictures, 16 of which were child pornography images, and Tantrictara sent 85 pictures, 13 of which were child pornography images.

An administrative subpoena sent to Google on May 20, 2008 revealed that the user Tantrictara was associated with the e-mail address ladytaraofmilford@yahoo.com. It also revealed that Tantrictara's most recent log in occurred on April 25, 2008 from the IP address 75.144.88.222. The affidavit does not provide the IP address used by Tantrictara for the January 22, 2008 chat with Hill.

A subsequent administrative subpoena sent to Yahoo on July 23, 2008 revealed that the e-mail address ladytaraofmilford@yahoo.com was registered to Tara Milford of Washington, Michigan 48094. It also revealed that the e-mail account was accessed 29 times between June 2, 2008 and June 19, 2008 from the IP address 75.38.209.112.

A final administrative subpoena sent to AT&T Internet revealed that James Watson

was the subscriber to the IP address 75.38.209.122 and that the associated billing address was 13765 26 Mile Road. Findlay then checked the 13765 26 Mile Road address through Lexis Nexis and the Secretary of State and found three residents at the address: James Watson, Nancy Watson, and Bryan Watson.

Based on this information, Findlay stated a belief that the pornographic images transmitted during the January 22, 2008 chat as well as other images were transmitted via the internet from 13765 26 Mile Road. She also said that, based on her experience, individuals who possess and distribute child pornography often store and retain images for an extended period of time.

### III. Analysis

### A. The Standard

The Fourth Amendment guarantees that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. In Illinois v. Gates, 462 U.S. 213, 232 (1983), the Supreme Court explained the probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Accordingly, the Supreme Court in Gates rejected previous, more rigid tests in favor of the "totality-of-the-circumstances" test. Id. at 238. When faced with an application and affidavit for a search warrant, "the task of the issuing magistrate judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id.

When a search warrant is sought, probable cause requires "a nexus between the place to be searched and the evidence sought." United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (quoting United States v. Van Shutters, 163 F.3d 331, 336-37 (6th Cir. 1998)). In other words, there must be "reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978). In addition, probable cause must exist at the moment that the warrant is issued and the evidence supporting it cannot be stale. Sgro v. United States, 287 U.S. 206, 210 (1932). There is no fixed time limit regarding the staleness of evidence and a court must consider the following variables: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc." United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998).

Generally, a magistrate judge's determination as to probable cause is entitled to deference by the reviewing court. Id. at 238-39. The reviewing court's role is limited to deciding "whether the evidence as a whole provided a 'substantial basis' for the Magistrate's finding of probable cause." Id.; Massachusetts v. Upton, 466 U.S. 272, 733 (1984).

**B. Analysis**

Watson asserts that there was not probable cause to sign the search warrant because the government failed to establish a nexus between the 137965 26 Mile Road and evidence of criminal activity. Specifically, he says that the affidavit does not suggest that

4

images of child pornography were sent or received using the IP address associated with 13765 26 Mile Road. He further asserts that, even if the information in Findlay's affidavit did provide probable cause when it was gathered, it had become stale by the time the warrants were signed and was no longer sufficient to support the warrants.

**1.**

Watson asserts that the affidavit only alleges a single incident involving images of child pornography – the Google Hello chat between Hill and Tantrictara on January 22, 2008. He says that there is nothing in the affidavit to suggest that this incident occurred at 13765 26 Mile Road. Moreover, he says that the only IP Address that the government was able to directly tie to Tantrictara's Google Hello account was associated with a different location which the government did not pursue.

Despite the fact that the affidavit does not state that the January 22, 2008 Google Hello chat occurred at 13765 26 Mile Road, there is an unbroken chain that links the child pornography images transmitted via Google Hello to 13765 26 Mile Road:

1. On January 22, 2008 images of child pornography were traded by Hill and Tantrictara using Google Hello,

2. Tantrictara was associated with the email account ladytaraofmilford@yahoo.com,

3. The email account ladytaraofmilford@yahoo.com was accessed 29 times with an 18 day period from IP address 75.38.209.112,

4. James Watson was the subscriber to the IP address 75.38.209.112, and

5. The billing address for the IP address 75.38.209.112 was 13765 26 Mile Road and James Watson was a resident of 13765 26 Mile Road.

This unbroken chain establishes a nexus between Tantrictara and 13765 26 Mile Road.

Although Watson asserts that there is nothing in the affidavit to suggest the transfer of child pornography images on January 22, 2008 took place at 13765 26 Mile Road, probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Berry, 565 F.3d 322, 328 (6th Cir. 2009). Thus a probable cause inquiry revolves around the likelihood of finding evidence of a crime at the location to be searched, not that a crime was committed there. Findlay's affidavit establishes a fair probability that evidence of crimes involving child pornography images would be found at 13765 26 Mile Road.

First, the affidavit provides a basis for believing that 13765 26 Mile Road was a home base for Tantrictara and not merely the location of a chance interaction. The IP address associated with 13765 26 Mile Road had been continuously active since November 9, 2007, a date preceding the transfer of child pornography images on January 22, 2008. Moreover, the frequency of ladytaraofmilford@yahoo.com's logins at 13765 26 Mile Road (exceeding one per day) supports the inference that the individual associated with that email address resided at that location.

Having established a fair probability that the person who transmitted the images of child pornography on January 22, 2008 and who was associated with ladytaraofmilford@yahoo.com resided at 13765 26 Mile Road, it was reasonable for Findlay to believe that evidence of child pornography crimes would be found at that residence. Findlay stated that, in her experience, "individuals who possess and distribute child pornography often store and retain images for an extended period of time." See United States v. Terry, 522 F.3d 645, 648 (6th Cir. 2008) ("[A]s a matter of plain common sense, if . . . a pornographic image has originated or emanated from a particular individual's email

account, it logically follows that the image is likely to be found on that individual's computer or on storage media associated with the computer."). Moreover, in cases involving child pornography courts have found it logical to search a suspect's residence because it provides a "secure operational base" for a crime that is "generally carried out in the secrecy of the home and over a long period." United States v. Paull, 551 F.3d 516, 522 (6th Cir. 2009).

In light of the unbroken chain linking Tantrictara to 13765 26 Mile Road and the frequency of the email logins from that address, there was a fair probability that the individual associated with the Tantrictara account resided at 13765 26 Mile Road. Further, given the nature of the crime, there was a fair probability that evidence of the receipt, transportation, or possession of child pornography would be found at Tantrictara's residence. As a result, there was probable cause to believe that evidence of these crimes would be found at 13765 26 Mile Road.

Watson's other challenges regarding perceived deficiencies in the affidavit and the government's investigation do not negate the fact that probable cause existed in this case. Watson criticizes the government for not pursuing the IP address 75.144.88.222, the address from which the January 22, 2008 file trading allegedly took place. As noted above, probable cause requires a likelihood that evidence of criminal activity will be found, not that a crime occurred at the location to be searched. Moreover, even if the government would have had probable cause to search the location associated with the IP address 75.144.88.222, it does not change the fact that it also had probable cause to search 13765 26 Mile Road. The government's failure to investigate Tara Milford is irrelevant for the same reason. Although this name may have provided another lead for the government's

7

investigation, it does not negate the probable cause to search 13765 26 Mile Road.

**2.**

Watson also asserts that the evidence relied upon by Findlay was stale because the only evidence related to a criminal offense – the January 22, 2008 Google Hello chat – was nine months old when the search warrant was obtained. However, when viewed in light of the factors identified in Spikes the information relied upon by Findlay was not stale.

The first factor identified in Spikes is the nature of the crime. The Sixth Circuit has found that "because the crime [of child pornography] is generally carried out in the secrecy of the home and over a long period, the same limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." Frechette, 583 F.3d at 379. Watson seeks to distinguish prior child pornography cases addressing the issue of staleness because they involved defendants who subscribed to child pornography websites. E.g., Id.; Paull, 551 F.3d at 522; Wagers, 452 F.3d 534, 537-38 (6th Cir. 2006). However, the finding of an ongoing crime was based on the fact that individuals retain and store images of child pornography on their computers for long periods of time, not that they obtained images through website subscriptions rather than informal file sharing. In light of the statements made and number of images sent by Tantrictara during the Google Hello chat with Hill and Findlay's prior experience investigating child pornography, the affidavit suggests that this was not a fleeting crime.

Second, there is sufficient detail to believe that the criminal had an enduring connection to 13765 26 Mile despite the fact that the affidavit discloses little information about Tantrictara's actual identity. Although Tantrictara was not directly tied to Watson or any other resident at 13765 26 Mile Road, the email account for

ladytaraofmilford@yahoo.com was accessed 29 times within an 18 day span from the IP address 75.38.209.112. This suggests a stable contact with the residence. Although Tantrictara also utilized other locations and IP addresses, the prolonged and consistent contact suggests that Tantrictara was not nomadic.

Third, primary object of the search warrant – images of child pornography – were not perishable and were likely of enduring value to Tantrictara. "Unlike cases involving narcotics that are bought, sold, or used, digital images of child pornography can be easily duplicated and kept indefinitely even if they are sold or traded. In short, images of child pornography can have an indefinite life span." Frechette, 583 F.3d at 379. In addition, the interaction between Tantrictara and Hill suggests that Tantrictara was likely to retain the images. Tantrictara not only received 16 images of child pornography from Hill, but also sent Hill 13 images. This suggests that Tantrictara maintained a "library" of images. Because such images can be traded and used without altering the content and because Findlay states in her affidavit that individuals who possess and distribute child pornography store and retain images for an extended period of time, there is sufficient reason to believe that evidence would remain, even after nine months.

Fourth, as described above, the location to be searched was likely the residence of Tantrictara. Further, as described above the crime is child pornography is not a fleeting crime, but usually takes place over an extended period of time in the secrecy of the home. Taken together, these inferences suggest that 13765 26 Mile was not merely a "criminal forum of convenience," but was a "secure operational base" for Tantrictara. Spikes, 158 F.3d at 923.

Because each of the four variables identified in Spikes weighs in favor of the

government, the probable cause established by the government was of an enduring quality and was not stale when the warrant was signed and executed.

## Conclusion

For the reasons stated above, Watson's motion to suppress the evidence of the search warrant executed at 13765 26 Mile is DENIED.

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 12, 2010, by electronic and/or ordinary mail.

          S/Julie Owens
          Case Manager, (313) 234-5160