| PROB 12B (Rev. 08/18) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | | **U. S. Probation Office** Eastern District of Michigan | **PACTS** 31760 | **DATE** 10/01/2020 |
|---|---|---|---|---|---|
| **NAME** WATSON, Bryan Daniel | | **OFFICER** Aaron M. Perkins | **JUDGE** David M. Lawson | **DOCKET #** 10-CR-20083-01 | |
| **ORIGINAL SENTENCE DATE** 09/01/2011 | **SUPERVISION TYPE** Supervised Release | **CRIMINAL HISTORY CATEGORY** I | **TOTAL OFFENSE LEVEL** 37 | **PHOTO** | |
| **COMMENCED** 04/06/2016 | | | | | |
| **EXPIRATION** 04/05/2026 | | | | | |
| **REPORT PURPOSE** | **REQUEST TO MODIFY CONDITIONS** | | | | |
| **RECOMMENDATION** | **MODIFICATION** | | | | |
| **ORIGINAL OFFENSE** Count 2: 18 USC 2252A(a)(1) Transportation/Shipment of Child Pornography | | | | | |

**SENTENCE DISPOSITION**
Custody of the Bureau of Prisons for a term of 60 months, to be followed by a ten-year term of supervised release.

**ORIGINAL SPECIAL CONDITIONS**

1. The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or counseling programs, and polygraph examinations as directed by the probation officer. Reports pertaining to sex offender assessments, treatment, and polygraph examinations shall be provided to the probation officer. Based on the defendant's ability to pay, the defendant shall pay the cost of diagnostic evaluations, treatment or counseling programs, and polygraph examinations in an amount determined by the probation officer.
2. The defendant shall comply with the requirements of Sex Offender Registration and Notification Act (42 USC 16901, et seq.) as directed by the probation officer, the United States Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.
3. The defendant shall not associate with minor children under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the probation officer. The defendant shall not frequent places where children congregate on a regular basis (such as, but not limited to school grounds, playgrounds, child toy stores, video arcades, etc.).
4. The defendant shall notify anyone they date or marry with a minor child under the age of eighteen (18) of their conviction.
5. The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue, the depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available.

| PROB 12B (Rev. 08/18) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | **U. S. Probation Office** Eastern District of Michigan | PACTS 31760 | DATE 10/01/2020 |
|---|---|---|---|---|
| **NAME** WATSON, Bryan Daniel | **OFFICER** Aaron M. Perkins | **JUDGE** David M. Lawson | **DOCKET #** 10-CR-20083-01 | |

6. The defendant shall have all residences pre-approved by the Probation Department. The defendant shall not provide care or live in a residence where children under the age of eighteen (18) or adults with disabilities also reside, without prior approval of the probation officer.

7. The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords, and Internet Service Provider(s), that you have potential and/or reasonable access to and abide by all rules of the U.S. Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the U.S. Probation Department. The defendant shall consent to the probation officer conducting periodic unannounced examinations of all computer systems, which may include computer monitoring software at the defendant's expense. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, Internet, satellite, etc.).

8. The defendant shall have employment pre-approved by the U.S. Probation Department. If the defendant's employment requires the use of a computer, the defendant shall notify the employer of the nature of their conviction and this notification must be confirmed by the probation officer.

Criminal Monetary Penalty:  Special Assessment $100.00.  (Paid)

## PETITIONING THE COURT

To modify the condition of supervised release as follows:

On September 30, 2020, WATSON signed a Probation Form 49, Waiver of Hearing to Modify Condition of Probation/Supervised Release, to include:

> "YOU MUST RESIDE IN A RESIDENTIAL REENTRY CENTER (RRC) FOR UP TO 180 DAYS. YOU MUST FOLLOW THE RULES AND REGULATIONS OF THE CENTER. SUBSISTENCE IS WAIVED."

## CAUSE

On April 6, 2016, WATSON commenced his ten-year term of supervised release. WATSON is employed as a press operator at Elringklinger Automotive Manufacturing Inc., in Southfield, Michigan, earning $13.65 per hour. He resides in Washington, Michigan, with his parents and is compliant with the Michigan Sex Offender Registration Act. WATSON is attending sex offender treatment at Shanle Psychological Services in Detroit, Michigan.

On July 7, 2020, this writer conducted a random compliance check of WATSON's internet monitoring software. This writer observed multiple images that would be considered pornography. The probation department conducted a home visit at WATSON's residence, and he turned over his computers to be scanned. Also, during the home visit

| PROB 12B (Rev. 08/18) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | **U. S. Probation Office** Eastern District of Michigan | PACTS 31760 | DATE 10/01/2020 |
|---|---|---|---|---|
| **NAME** WATSON, Bryan Daniel | **OFFICER** Aaron M. Perkins | **JUDGE** David M. Lawson | **DOCKET #** 10-CR-20083-01 | |

WATSON self-admitted to participating in inappropriate conversations with minors in online chat rooms. On April 4, 2020, WATSON submitted to an issue specific polygraph to determine if he has had sexual intercourse or contact with anyone under the age of eighteen. WATSON passed the polygraph with no issues. On August 31, 2020, the computer was scanned at the probation department. The scan found ten adult pictures of pornographic nature on one of the computers. The other two computers were unable to be scanned. One of the unscanned computers crashed multiple times during the attempted scan. The other computer did not have a power cord available to charge it for scanning. No images or videos of child pornography were found on the scanned computer. The probation department will keep these computers while the offender is on supervision.

This writer is requesting that WATSON be placed in the Residential Reentry Center (RRC) for up to 180 days. Placement in an RRC will allow for WATSON to be in a structured environment where he can focus on working, treatment and compliance with his conditions of supervision.

WATSON has remained engaged in sex offender treatment and compliant with the rest of his terms of supervised release. It is requested that subsistence be waived so he can continue to save money.

This writer has been in contact with Assistant United States Attorney Eaton Brown, who is does not object to WATSON being placed in RRC as a result of his noncompliant behavior.

This writer is requesting that your Honor approve the additional condition for RRC placement. As noted above the offender signed the Probation Form 49. He has been advised of his right to counsel in this matter and he has agreed to waive this right by signing the attached waiver of hearing form.

A criminal record check completed through Access to Law Enforcement Systems (ATLAS) conducted on September 29, 2020, revealed no new criminal activity.

If your Honor agrees with this recommendation, please indicate below and return this correspondence to the probation department. If your Honor does not agree, please indicate below and direct the probation department as to how the Court wishes to proceed.

Should your Honor have any questions or concerns, this writer may be reached at the number below.

| **PROBATION OFFICER** s/Aaron M. Perkins/tmg (313) 234-5441 | **DISTRIBUTION** Court |
|---|---|
| **SUPERVISING PROBATION OFFICER** s/Tracy Kosmas 313 234-5272 | **PROBATION ROUTING** Data Entry |

| PROB 12B (Rev. 08/18) | **SUPERVISION REPORT** REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER (Probation Form 49, Waiver of Hearing is Attached) | **U. S. Probation Office** Eastern District of Michigan | PACTS 31760 | DATE 10/01/2020 |
|---|---|---|---|---|
| **NAME** WATSON, Bryan Daniel | **OFFICER** Aaron M. Perkins | **JUDGE** David M. Lawson | **DOCKET #** 10-CR-20083-01 | |

**THE COURT ORDERS:**

[ X ] Modification as Noted Above

[ ] Other

s/ David M. Lawson
United States District Judge

10/1/2020
Date

PROB 49
(9/18)

# United States District Court

Eastern District of Michigan

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

☒ I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release or to the proposed extension of my term of supervision:

> You must reside in a Residential Reentry Center (RRC) for up to 180 days. You must follow the rules and regulations of the center. Subsistence is waived.

Witness _____  Signed _____
        (U.S. Probation Officer)                (Probationer or Supervised Releasee)

                    9/30/2020
                    _____
                       (Date)